OPINION HEADING PER CUR 









                NO. 12-07-00310-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

BENJAMIN ELIAS, §          APPEAL FROM THE 87TH

APPELLANT

 

V.        §          JUDICIAL DISTRICT COURT OF

 

LINDA DELEON, ET AL.,

APPELLEES            §          ANDERSON COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 

 



MEMORANDUM
OPINION

PER CURIAM








            This accelerated interlocutory appeal is being dismissed
for want of jurisdiction pursuant to Texas Rule of Appellate Procedure
42.3(a).  The trial court’s judgment was
signed on June 14, 2007.  In an
accelerated appeal, the notice of appeal must be filed within twenty days after
the judgment is signed.  Tex. R. App. P. 26.1(b).  Filing a motion for new trial will not extend
this time period.  Tex. R. App. P. 28.1.  Appellant’s notice of appeal was due to have
been filed on or before July 5, 2007. 
However, Appellant did not file his notice of appeal until
August 22, 2007.  Because the notice
of appeal was not filed on or before July 5, 2007, the notice was untimely
filed and this court has no jurisdiction to consider the appeal.








            On September 4, 2007, this court notified Appellant
pursuant to Texas Rule of Appellate Procedure 42.3(a) that his notice of appeal
was untimely.  Appellant was further
informed that unless the record was amended on or before September 14, 2007 to
establish the jurisdiction of this court, the appeal would be dismissed.  In response to our September 4, 2007 notice,
Appellant cites Texas Rule of Appellate Procedure 26.1(a)(1) and points out
that he filed a motion for new trial.  He
also states that the appealed order does not indicate that “anything other than
the ordinary procedures for civil appeals would apply to this cause.”  Finally, he asserts that he filed his notice
of appeal in a bona fide attempt to invoke this court’s jurisdiction and asks
that we exercise jurisdiction over the appeal. 


            As explained above, Rule 28.1 governs the time for filing
a notice of appeal in an interlocutory appeal, and a motion for new trial does
not extend that time period.  We know of
nothing that imposes a duty on trial courts to inform appealing parties which specific rules of appellate procedure
govern their appeal.  This court is not
authorized to extend the time for perfecting an appeal except as provided by
Texas Rules of Appellate Procedure 26.1 and 26.3.  Accordingly, the appeal is dismissed
for want of jurisdiction.  See
Tex. R. App. P. 42.3(a).

Opinion delivered September 19, 2007.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)